UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ERIC SPOFFORD,<br>    *Defendant.* | No. 25-cr-10207-IT |

## ORDER EXCLUDING TIME

LEVENSON, U.S.M.J.

    The parties have filed a joint interim status report pursuant to Local Rule 116.5(b). Docket No. 39. In their status report, the parties have requested that the Court cancel the interim status conference scheduled for September 8, 2025, and set a further interim status conference approximately 45 days thereafter.

    The interim status conference has been cancelled, and a further interim status conference has been set for October 15, at 10:00 a.m. Docket No. 40.

    As required under Local Rule 116.5(b), not later than one week prior to that conference, the parties shall file a joint memorandum addressing all issues enumerated in the rule and any other issues relevant to the progress of the case.

    With the agreement of the parties, the Court finds that the interests of justice in this case, *i.e.*, the need to allow time for the parties to exchange discovery and prepare the case for trial or other disposition, outweigh the interests of the public and Defendant in holding a trial within seventy days of the later of Defendant's first appearance or the filing and making public of the indictment.

Accordingly, pursuant to the provisions of 18 U.S.C. § 3161(h)(7)(A): The clerk of this Court is ORDERED to enter excludable time for the period from September 8, 2025, up to and including October 15, 2025.[1]

Dated: September 2, 2025

/s/ Paul G. Levenson  
Paul G. Levenson  
U.S. MAGISTRATE JUDGE

---

[1] The parties are advised that under Federal Rule of Criminal Procedure 59(a) and Rule 2(b) of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts, any party seeking review by a district judge of these determination(s) and order(s) must serve and file any objections within 14 days of receiving this order, unless a different time is prescribed by the magistrate judge or a district judge. Such objections must specifically designate the order, or part thereof, to be modified or set aside and the basis for objection. The district judge will set aside any portion of the magistrate judge's order that is found to be clearly erroneous or contrary to law. The parties are further advised that failing to follow the objection procedures of Rule 2(b) may preclude further appellate review. *See Phinney v. Wentworth Douglas Hosp.*, 199 F.3d 1, 4 (1st Cir. 1999); *Sunview Condo. Ass'n v. Flexel Int'l, Ltd.*, 116 F.3d 962, 964–65 (1st Cir. 1997).