UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal No. 25-cr-10207-IT |
| | ) | |
| ERIC SPOFFORD, | ) | |
| Defendant | | |

### Eric Spofford's Assented-To Motion to Modify Conditions of Release

Now comes the Defendant, Eric Spofford, by and through counsel, pursuant to 18 U.S.C. §3142, and hereby moves the Court for an order modifying the conditions of release as follows: (1) remove the location monitoring condition, (2) permit Mr. Spofford to travel freely to and from the Southern District of Florida, up to two weeks per month, via commercial air travel, with prior notice to U.S. Pretrial Services, and (3) implementation of Smartlink software on Mr. Spofford's cellular telephone (an application that permits curfew enforcement in the absence of location monitoring equipment). The government and U.S. Pretrial Services assent to the requests made herein.

As grounds and reasons therefore, Mr. Spofford states the following:

1.      On June 2, 2025, the Court entered an order releasing Mr. Spofford with conditions, including *inter alia*: (1) location monitoring, (2) travel restricted to New Hampshire absent a court appearance or meeting with his lawyers, and (3) a curfew from 10 p.m. to 6 a.m. *See* Dkt. Entry 14. These conditions were jointly recommended to the Court by the parties.

2.      On June 27, 2025, with the assent of the government, Mr. Spofford moved

1

to modify his conditions of release to permit Mr. Spofford to travel freely between Massachusetts and New Hampshire, and to modify curfew to the hours of midnight to 8 a.m. *See* Dkt. Entry 28.

3.    On June 27, 2025, the Court allowed Mr. Spofford's motion to modify his conditions of release. *See* Dkt. Entry 29.

4.    The parties have now agreed to further modify the conditions imposed in this matter, as detailed above.

5.    Mr. Spofford achieved sobriety in December 2006—alcohol and drugs do not impede his judgment. Since achieving sobriety, Mr. Spofford does not have a single interaction with the criminal justice system.

6.    In those intervening 19 years, Mr. Spofford became a very successful entrepreneur. Today, Mr. Spofford employs approximately 220 people throughout eight (8) businesses, spread out over five (5) states.

7.    Mr. Spofford is also a committed father to his two boys, Gavin (14 years old) and Mase (4 years old). His long-time partner is pregnant, and Eric is prepared to welcome his first daughter in January 2026.

8.    Mr. Spofford has been a model pretrial supervisee. He has complied with each and every condition of release, with his supervising officer recently commenting to counsel regarding Mr. Spofford's respectful behavior.

9.    The conditions originally imposed in this matter were entered by the Court at the joint request of the parties. At that time, Mr. Spofford owned a private plane and a yacht. The plane is under contract for sale, with a closing anticipated to occur in September 2025. The yacht was in an accident and is not operable.

10.     Mr. Spofford owns real estate in Florida and a sector of his business operations is located in Florida, including an office in Boca Raton.  It is important to Mr. Spofford's successful operation of his businesses to be physically present in his Boca Raton office on a monthly basis.

11.     Mr. Spofford owns an apartment and a home in Miami.  When Mr. Spofford is traveling to Florida he will stay in either the apartment or the residence, with notice to U.S. Pretrial Services as to the location.

Wherefore, for all of the reasons detailed herein, Mr. Spofford respectfully requests that his conditions of release be modified as follows: (1) remove the location monitoring condition, (2) permit Mr. Spofford to travel freely to and from the Southern District of Florida, up to two weeks per month, via commercial air travel, with prior notice to U.S. Pretrial Services, and (3) implementation of Smartlink software on Mr. Spofford's cellular telephone (an application that permits curfew enforcement in the absence of location monitoring equipment).

## LOCAL RULE 7.1 CERTIFICATION

The government, by and through Assistant U.S. Attorney Jason Casey, assents to this motion.

The U.S. Pretrial Services assents to this motion.

Respectfully Submitted,
ERIC SPOFFORD,
By his Attorney,


**/s/ Robert M. Goldstein**

Robert M. Goldstein, Esq.
Mass. Bar No. 630584
20 Park Plaza, Suite 1000
Boston, MA 02116
(617) 742-9015
rmg@goldstein-lawfirm.com

Dated:  September 18, 2025


## Certificate of Service

I, Robert M. Goldstein, hereby certify that on this date, September 18, 2025, a copy of the foregoing document has been served via the Electronic Court Filing system on all registered participants, including Assistant U.S. Attorneys Jason Casey and Torey Cummings.


**/s/ Robert M. Goldstein**

Robert M. Goldstein