UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| v. | ) | Crim. No. 25-cr-10207-IT |
| ERIC SPOFFORD, | ) | |
| Defendant. | ) | |

**GOVERNMENT'S OPPOSITON TO DEFENDANT'S MOTION TO DISMISS
ONE OBJECT OF COUNT ONE AND THE ENTIRETY OF COUNT TWO**

Defendant moves to dismiss part of Count One and all of Count Two on the basis that the allegations relevant to those indictment counts, if true, don't allege a conspiracy to violate the federal stalking statute, 18 U.S.C. § 2261A(2). Specifically, defendant argues that a violation of § 2261A(2) requires proof that the facility of interstate commerce be "actually utilized as a means to stalk, harass or intimidate" the victim or victims. No court has ever interpreted § 2261A(2) in such a restrictive manner and, in fact, the only court to consider defendant's novel interpretation squarely rejected it. With no direct support for his argument, defendant turns instead to the Supreme Court's decision in *Dubin v. United States*. But *Dubin* is inapposite, as it involves the Supreme Court's analysis of a different criminal statute with distinct statutory language and dissimilar statutory context.

Unlike the aggravated identity theft statute at issue in *Dubin*, the text and meaning of § 2261A(2) is clear on its face: it requires the use of a facility of interstate or foreign commerce "to engage in a course of conduct that … causes, attempts to cause, or would reasonably be expected to cause substantial emotional distress…." 18 U.S.C. § 2261A(2)(B). Nothing in the text of the statute requires that the facility of interstate commerce be used directly to harass or

intimidate the victim. While that may often be the case with defendants charged under § 2261A(2), the statute Congress enacted contains no such limitation.

To the extent it is necessary to look beyond the text of § 2261A(2), the relevant statutory context buttresses a plain reading of the statute's text. Taken together, § 2261A(2)'s title, its place within the overall statutory scheme, and the expansive scope of its sister provision (stalking through interstate travel) readily establish that Congress did not intend for § 2261A(2) to be limited to *just* cyberstalking as defendant defines that term; rather, that it reaches all forms of stalking where a facility of interstate commerce is used with the requisite intent to engage in a prohibited course of conduct. Applying § 2261A(2) as written creates no risk of the statute reaching conduct "well beyond ordinary understandings" of stalking – yet another crucial factor distinguishing this case (and § 2261A(2)) from *Dubin*.

## Argument

### I. Defendant's Interpretation of Section 2261A(2) is Belied by the Statute's Plain Text.

In 18 U.S.C. § 2261A(2), Congress provided that a person commits a crime if he, "with the intent to kill, injure, harass, intimidate, … uses … any … facility of interstate or foreign commerce to engage in a course of conduct" that "causes, attempts to cause, or would be reasonably expected to cause substantial emotional distress" to a person. The allegations in this case align perfectly with what the statute prohibits: with the intent to harass and intimidate, Tucker Cockerline, Keenan Saniatan, and Michael Waselchuck sent text messages and otherwise used their cell phones to plan and carry out a months-long scheme to harass and intimidate the victims. In other words, using facilities of interstate commerce with the intent to harass and intimidate, defendant's co-conspirators engaged in a course of conduct that caused substantial emotional distress to the victims. Among other things, defendant is alleged to have aided and abetted that course of conduct.

Defendant does not dispute that a cell phone is a facility of interstate commerce or that his co-conspirators used their phones with the requisite intent to harass or intimidate by sending text messages to each other about the scheme, researching the location of victims, and navigating to the victims' houses. He likewise does not contest the indictment's allegations regarding the harassing course of conduct, or that his co-conspirators' use of their cell phones was indispensable to the success of that conduct. Rather, he argues that § 2261A(2) requires that the facility of interstate commerce be "actually utilized as a means to stalk, harass or intimidate…." Def. Mot. 1. The plain text of the statute, however, contains no such requirement; it merely states that the facility of interstate commerce be used with the requisite intent to "engage in a course of conduct" that causes or attempts to cause the victim substantial emotional distress. According to the text of the statute, it is the "course of conduct" that must cause or attempt to cause substantial emotional distress, not the facility of interstate commerce.

The only court to consider this issue has squarely rejected defendant's position. In *United States v. Elkins*, 725 F. Supp. 3d 570 (N.D. Texas 2023), the defendant was charged with stalking in violation of § 2261A(2)(B) and other crimes. Regarding the stalking charge, the indictment alleged three uses of facilities of interstate commerce, none of which were used to directly stalked the victim: (i) the placement of a "GPS on the victim's car," (ii) two telephone calls to the police in which the defendant "falsely reported the victim driving dangerously on a highway," and (iii) a text message between the defendant and a co-conspirator containing "a photo of the victim's license plate" designed to facilitate another "false report" to police. *Id.* at 572. The defendant moved to dismiss the stalking charge because the indictment contained "no allegation of a direct, communicative use of any of its purported instruments of interstate commerce that placed [the victim] in fear or subjected her to emotional distress." *Id.* at 573. The court rejected defendant's

argument, concluding that defendant's interpretation of § 2261A(2) would add a requirement to the statute that "does not exist." *Id.* at 574 (noting that "[n]either the text of § 2261A(2) nor other courts in this Circuit require the facilities of interstate commerce to be used in a direct, communicative manner against the victim"). Instead, consistent with the statute's plain language, the court found that the statute "requires only that the facilities be used with the requisite intent to engage in a course of conduct." *Id.* The court also found "no textual basis for Defendant's contention that the victim be subjectively aware of each use of a facility of interstate commerce." *Id.* (observing that a "defendant's 'course of conduct' against the victim is what must … cause, or … reasonably be expected to cause substantial emotional distress").

**II.  Defendant Erroneously Attempts to Shoehorn *Dubin*'s Idiosyncratic Interpretation of the Word "Use" in the Aggravated Identity Theft into Section 2261A(2).**

Defendant's reliance on *Dubin* to urge a contrary result is misplaced. *Dubin* involved a different statute, 18 U.S.C. § 1028A(a)(1), which required a two-year mandatory minimum sentence if a person, "during and in relation to [an enumerated felony]," knowingly "uses, without lawful authority, a means of identification of another person." The Supreme Court held that a doctor did not violate § 1028A(a)(1) by using a patient's identifying information to defraud Medicaid by inflating the price of services actually provided to that patient. *Id.* at 114, 132-33. *Dubin* instead held that "§ 1028A(a)(1) is violated when the defendant's misuse of another person's means of identification is at the crux of what makes the underlying offense criminal, rather than merely an ancillary feature of a billing method." *Id.* at 114. In reaching that conclusion, the Court repeatedly emphasized the term "use" is "particularly sensitive to context" and "takes on different meanings depending on context." *Id.* at 118 & n.4. Defendant's attempt to shoehorn *Dubin*'s interpretation of "use" in the aggravated identity theft statute into § 2261A(2) contradicts the

Supreme Court's admonition that the meaning of "use" is dependent on its statutory context. *Id.*; *see also United States v. Rivers*, 108 F.4th 973, 980 (7th Cir. 2024) (holding that *Dubin* left the circuit's § 924(c) precedent undisturbed because the relevant terms, including "use," are "context dependent").

### III. The Relevant Statutory Context Cuts Against Defendant's Narrow Reading of Section 2261A(2).

Defendant's motion devotes hardly any attention — just three sentences, in fact — to the statutory language and context applicable here. With no apparent basis, he asserts that § 2261A(2) provides for a "stronger connection between the facility of interstate commerce and the underlying stalking" before moving on to a discussion about legislative history. Def. Mot. at 12. However, "Congress' inklings are best determined by the statutory language that it chooses" and *not* "the legislative history." *Sedima, S.P.R.L. v. Imrex, Co., Inc.*, 473 U.S. 479, 495 n.14 (1985) (rejecting Second Circuit's reliance on legislative history to add "racketeering injury" requirement to 18 U.S.C. § 1964(c) where statutory language plainly contained no such requirement) (internal quotations omitted). Accordingly, it has long been the case that courts "must evaluate the statute's language within the statutory scheme and look to the legislative history and policy *only if that language is unclear*." *Antilles Cement Corp. v. Fortuno*, 670 F.3d 310, 320 (1st Cir. 2012) (emphasis added).

Defendant's cramped interpretation of § 2261A(2) lacks any footing in the statute's language and context. As described above, defendant's argument finds no support in the text of the statute itself, which plainly does not require that the facility of interstate commerce be used directly to harass or intimidate. *See Elkins*, 725 F. Supp. 3d 574 (noting that "[n]either the text of § 2261A(2) nor other courts in this Circuit require the facilities of interstate commerce to be used in a direct, communicative manner against the victim"). The surrounding context likewise

5

cuts against defendant's argument, starting as the *Dubin* court did with the words Congress chose for § 2261A(2)'s title: "Stalking." *See Dubin*, 599 U.S. at 120 (inferring meaning of § 1028A by first examining its title). The "title of a statute and the heading of a section are tools available for resolution of a doubt about the meaning of a statute." *Id.* at 120-21 (citing *Almendarez-Torres v. United States*, 523 U.S. 224, 234 (1998)) (internal quotations omitted). The fact that Congress chose the expansive title "stalking" instead of a narrower one (like "cyberstalking") suggests the statute is not limited to just cyberstalking as defendant defines that term. *Cf. Dubin*, 599 U.S. at 121 (concluding § 1028A's title, "aggravated identity theft," suggests "a focus on identity theft" and "what the defendant does with the means of identification").

Section 2261A(2)'s "place within the statutory scheme" likewise indicates the statute was broadly intended by Congress to prohibit not just "cyberstalking," but all stalking where a facility of interstate commerce is used with the required intent to engage in a prohibited course of conduct. *Id.* at 121 (using § 1028A's "place within the statutory scheme to shed light on its text"). As defendant points out in his motion, the general stalking statute, § 2261A, was "amended in 2000 to apply, for the first time, to a defendant who 'uses the mail or any facility of interstate … commerce to engage in a course of conduct' prohibited by statute." Def. Mot. at 12. Had Congress intended § 2261A(2) to apply narrowly to just cyberstalking, it could easily have created a separate crime, under its own section, titled "Cyberstalking." That Congress chose instead to add stalking using a facility of interstate commerce to the general (and expansive) stalking statute, § 2261A, is a strong indicator that § 2261A(2) is not confined to just "cyberstalking." *Cf. Dubin*, 599 U.S. at 122-23 (concluding that Congress "separated … [§ 1028A] from the identity fraud crime [under § 1028]" suggests § 1028A "is focused on identity theft specifically, rather than all fraud involving means of identification").

6

The expansive scope of the interstate travel variant of § 2261A likewise undermines defendant's narrow interpretation of § 2261A(2). Section 2261A(1) broadly punishes whoever, "with the intent to kill, injure, harass, [or] intimidate … another person, and in the course of, or as a result of, such travel or presence, engages in conduct that … causes, attempts to cause, or would reasonably be expected to cause substantial emotional distress to a person…." Consistent with the statute's broad text, courts have held that the stalking, harassment, or intimidation of the victim need not occur directly as a result of defendant's interstate travel. In *United States v. Al-Zubaidy*, for example, the Sixth Circuit affirmed the defendant's interstate stalking conviction even though his interstate travel preceded his stalking of the victim by approximately two days. *United States v. Al-Zubaidy*, 283 F.3d 804 (6th Cir. 2011). Despite the two-day delay, the court found that the interstate travel and intent elements of § 2261A(1)(2) were satisfied where the defendant intended to stalk the victim when he crossed state lines. *Id.* at 810. And in *United States v. Casile*, the Third Circuit rejected defendant's contention that the intent to harass or intimidate must be a "significant or dominant purpose in his interstate travel," concluding that such a requirement is "absent from the plain text of the statute." *United States v. Casile*, 490 Fed. Appx. 470, 474 (3d Cir. 2012). The fact that § 2261A(1) constitutes such an expansive prohibition on stalking — and that Congress chose to add § 2261A(2) to this expansive prohibition — further cuts against defendant's cramped reading of the statute.

Considered as a whole, the statutory text and context demonstrate that Congress intended § 2261A(2) to apply broadly where, with the intent to kill, injure, harass, or intimidate a victim, a facility of interstate commerce is used to engage in a course of conduct that causes or attempts to cause significant emotional distress. Interpreting the statute according to its plain text — and not artificially limiting the statute to defendant's narrow definition of "cyberstalking" — would not

7

sweep too broadly by punishing conduct "well beyond ordinary understandings" of stalking. *See Dubin*, 599 U.S. at 129-30 (noting the government's broad interpretation of the aggravated identity theft statute "places at the core of the statute its most implausible applications"). For example, just as not every instance of interstate travel is sufficient to trigger § 2261A(1), not every "use" of a cell phone is enough to trigger § 2261A(2). Only those uses (or such travel) accompanied by an intent to kill, injure, harass, or intimidate are implicated by the statute. Moreover, just as a defendant must engage in conduct that causes or attempts to cause substantial emotional distress "in the course of, or as a result of" interstate travel under § 2261A(1), section 2261A(2) requires that the cell phone or other facility of interstate commerce be used to engage in a course of conduct that causes or attempts to cause substantial emotional distress. According to the statute's text, therefore, the use of the facility of interstate commerce is tethered to the crux of what makes the conduct criminal: stalking.[1]

For this reason, a reading of § 2261A(2) in line with its text is worlds apart from the broad reading of the aggravated identity statute urged by the government in *Dubin*, which the Supreme Court found would apply "virtually automatically to a swath of predicate offenses." *Dubin*, 599 U.S. at 131. By reading the statute according to its plain text (and consistent with the relevant statutory context), there is no risk of § 2261A(2) reaching conduct beyond ordinary understandings of stalking. The proof is in the pudding: unlike the aggravated identity theft statute, which the Court in *Dubin* noted had been used to criminalize conduct that plainly was not identity theft, *id.* at 115-16 (listing examples), defendant cannot point to even a single case where § 2261A(2) has been applied to conduct that does not constitute stalking. This case is no exception. There is

---

[1] As the Supreme Court noted in *Dubin*, it is "commonplace" for "something [to] play a specific role in an offense, whether that role is articulated as a "nexus," ... a "locus," ... or "proximate cause." *Dubin*, 599 U.S. at 132, n.10 (internal citations omitted).

accordingly no cause to read into the statute a requirement that the facility of interstate commerce be "actually utilized as a means to stalk, harass or intimidate" the victim.

## Conclusion

For the foregoing reasons, the government respectfully asks the Court to deny defendant's motion to dismiss part of Count One and all of Count Two.

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

By: */s/ Jason A. Casey*
Jason A. Casey
Torey B. Cummings
Assistant U.S. Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and by regular mail to the participants who do not receive electronic filing.

*/s/ Jason A. Casey*
Jason A. Casey
Assistant U.S. Attorney